IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MALCOLM WILLIAMS,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   CIVIL ACTION NO. 1:07-CV-488-WKW
                                 )                    [WO]
                                 )
STATE OF ALABAMA, et al.,        )
                                 )
          Defendants.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Malcolm Williams ["Williams"], a convicted state

inmate presently incarcerated in the Houston County Jail, complains that he is confined in

a maximum security area of the Houston County Jail and challenges the constitutionality

of his confinement pursuant to a sentence imposed upon him by the Circuit Court of

Houston County, Alabama.  Williams names the State of Alabama, Houston County and

the Houston County Jail as defendants in this cause of action and seeks issuance of

declaratory relief.

Upon review of the complaint, the court concludes that dismissal of this case prior

to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (ii).[1]

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened
in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to
dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous,
malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant
who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

## A. The State of Alabama

The State of Alabama is immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986). Moreover, "a State is not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, the plaintiff's claims against this defendant are "based on an indisputably meritless legal theory" and are due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## B. Houston County

Williams names Houston County as a defendant in this cause of action. The law, however, directs that "[a] local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.' *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (*citing Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998). Consequently, "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Id.* 1292. In deciding whether a county is liable under § 1983, "[a] court's task is to

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785, 117 S.Ct. 1734, 1736 (1997) (*quoting Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)). State law is well settled that "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288.[3]

As is clear from the foregoing, "Alabama sheriffs are not county policymakers in their daily management of county jails." *Turquitt*, 137 F.3d at 1292. "For § 1983 liability to attach to a county, the policy at issue must have been made by a person who exercises final authority on behalf of the county with respect to that policy. *See McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736. Alabama law, however, clearly demonstrates that sheriffs possess only state policymaking authority when running the day-to-day affairs of a jail. *See Turquitt*, 137 F.3d at 1291-92." *Vinson v. Clarke County*, 10 F.Supp.2d 1282, 1295-1296 (S.D. Ala. 1998). Thus, the plaintiff's claims against Houston County arising from actions taken by jail personnel in the daily operation of the Houston County Jail are due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

---

[3]Under all facets of Alabama law, a county sheriff acts as a state officer "when supervising inmates and otherwise operating the county jails." *Turquitt*, 137 F.3d at 1289; *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama" and as such "is not an employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (a sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto."); *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority over the jail is totally independent of the [county commission].)"

3

### C.  The Houston County Jail

A county jail is not a legal entity subject to suit or liability under section 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that the plaintiff's claims against the Houston County Jail are due to be dismissed.  *Id.*

### D.  The Challenge to Plaintiff's Incarceration

Williams complains that he is improperly incarcerated in the Houston County Jail as the Circuit Court of Houston County granted him probation on April 18, 2007.  This claim goes to the fundamental legality of the plaintiff's current incarceration and therefore provides no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even

though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated its position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Williams challenges the constitutionality of his confinement on a recent sentence imposed upon him by the Circuit Court of Houston County. A judgment in favor of Williams on this claim would necessarily imply the invalidity of his incarceration and result in his release from confinement. It is clear from the records of this court that the

confinement about which Williams complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the State of Alabama, Houston County and the Houston County Jail arising from conditions in the Houston County Jail be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[4]

2. The plaintiff's challenge to the constitutionality of his confinement resulting from a sentence imposed by the Circuit Court of Houston County, Alabama be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before June 18, 2007 the parties may file objections to this

---

[4]To the extent Williams challenges the constitutionality of his classification, the court notes that he is entitled to no relief on the merits of this claim as a convicted inmate has no constitutionally protected interest in his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Additionally, with respect to Williams' assertion of a general fear for his safety, this claim likewise provides no basis for relief. *See Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994).

Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of June, 2007.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE